IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RYAN SAHADEO,

    Plaintiff,                             No. 2:11-cv-01089 KJN

    v.

WELLS FARGO BANK, N.A.;
WACHOVIA MORTGAGE, FSB; and
DOES 1-50 inclusive,

    Defendants.                          ORDER
_____/

This case was filed on March 28, 2011, and removed to federal court on April 21, 2011. (Notice of Removal, Dkt. No. 1; Complaint, Exh. A to Dkt. No. 1.) Presently before the court is the motion of the Law Offices of Breyon J. Davis ("counsel"), to withdraw as counsel of record for plaintiff Ryan Sahadeo ("Sahadeo" or "plaintiff").[1] (Dkt. No. 11.) Counsel brings this motion on the grounds that plaintiff is in breach of his fee agreement. Defendant does not oppose the motion. Plaintiff did not file an opposition to the motion, and did not file any statement of non-opposition.

---

[1] This matter proceeds before the undersigned as a result of the parties' voluntary consent to the jurisdiction of the undersigned for all proceedings in this case, including trial and entry of final judgment (Dkt. No. 8) and an order dated April 29, 2011 (Dkt. No. 10). 28 U.S.C. § 636(c)(1); Fed. R. Civ. P. 73; E.D. Local Rule 301.

1

Plaintiff's counsel's motion to withdraw came on for hearing on June 9, 2011. (Dkt. No. 21.) Attorney Breyon J. Davis attended on behalf of plaintiff. Attorney Melissa Coyle attended telephonically on behalf of defendant. Plaintiff's father attended the hearing, but plaintiff himself did not attend.

During the hearing, Attorney Davis made various representations to the court in support of her motion, including several that were not clearly reflected in her moving papers or declaration. For instance, Attorney Davis represented that her client had recently signed a memorandum confirming his non-opposition to her withdrawal. Attorney Davis also represented that her client could be reached at an updated address and telephone number not reflected in her moving papers. Accordingly, following the hearing, the court ordered Attorney Davis to file a supplemental declaration including: (a) plaintiff's current address and telephone number; (b) a sworn statement that plaintiff's counsel has personally spoken with her client regarding her request to withdraw from the representation; (c) a sworn statement that plaintiff's counsel has provided her client with copies of defendants' pending motions (Dkt. Nos. 15-19) and has confirmed her client's receipt of them, and (d) an attachment of a "memorandum" signed by plaintiff's client confirming his non-opposition to the pending motion to withdraw. (Dkt. No. 22.) Attorney Davis timely complied with the court's order and filed a supplemental declaration. (Dkt. No. 23.)

"The decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court." Canandaigua Wine Co. v. Moldauer, No. 1:02-cv-06599 OWW DLB, 2009 WL 89141, at *1-2 (E.D. Cal. Jan 13, 2009) (unpublished) (citing cases). In ruling on a motion to withdraw, some courts have looked to the following factors: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case. Id. (citing cases). Courts have also held that the failure to pay attorney's fees may be grounds for withdrawal. Id. (citing Schueneman v. 1st Credit of

America, LLC, No. C 05 4505 MHP, 2007 WL 1969708, at *7-8 (N.D. Cal. July 6, 2007); Statue of Liberty-Ellis Island Found., Inc. v. Int'l United Indus., Inc., 110 F.R.D. 395, 397 (S.D. N.Y. 1986).)

An attorney may not withdraw as counsel leaving the client in propria persona except by leave of court. Eastern District of California Local Rule 182; Darby v. City of Torrance, 810 F. Supp. 275, 276 (C.D. Cal. 1992). Local Rule 182(d) provides that attorneys may not withdraw from an action in which they have appeared, leaving the client in propria persona, without leave of the court upon noticed motion and notice to the client and all other parties who have appeared. The Local Rule incorporates the requirements for withdrawal and the Rules of Professional Conduct of the State Bar of California. The Rules of Professional Conduct of the State Bar of California provide in pertinent part:

> A member shall not withdraw from employment until the member has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with rule 3-700(D), and complying with applicable laws and rules.

California Rules of Professional Conduct, Rule 3-700(A)(2).

Pursuant to California Rules of Professional Conduct, Rule 3-700(c), withdrawal is permitted in certain specified circumstances. Specifically, Rule 3-700(C)(1)(f) permits withdrawal where the client breaches an agreement or obligation to the attorney as to expenses or fees. Rule 3-700(C)(1)(d) permits withdrawal where the client's conduct renders it unreasonably difficult for the attorney to carry out the employment effectively.

Plaintiff's counsel represents that her withdrawal is permitted under the California Rules of Professional Conduct. Specifically, counsel submits that plaintiff "has breached his agreement and financial obligation to Counsel by not paying fees as contractually agreed." (Dkt. No. 11 at 3.) Counsel also argues that "Counsel for plaintiff has provided notice and opportunity for Plaintiff to make good on his financial obligation, but such efforts have proven

1  unsuccessful;" however, counsel's original declaration does not offer much factual support for
2  this assertion.  (Id.; Decl. of Breyon J. Davis in Supp. of Mot. to Withdraw ("Davis Decl."), Dkt.
3  No. 12 ¶¶ 1-4.)  Counsel also submits that no party will be prejudiced by the requested
4  withdrawal, given that defendants' extended deadline to file a responsive pleading is May 27,
5  2011, and given that "no action is expected or necessary from Plaintiff for approximately two
6  months from now and this case is fairly new. . . ." (Dkt. No. 11 at 4.)

7        Counsel has substantially complied with the requirements of Local Rule 182(d).
8  While her original declaration did not detail all efforts made to notify her client of the Motion for
9  Leave to Withdraw, counsel has affirmed that on May 2, 2011, she mailed copies of the pending
10 Motion for Leave to Withdraw and supporting documents (Dkt. Nos. 11-13) to plaintiff at two
11 separate addresses, including plaintiff's father's address.  (Davis Decl. ¶¶ 2-4.)  Counsel also
12 provided the court with plaintiff's current or last known address in accordance with Local Rule
13 182(d).  (Id.)  Attorney Davis' supplemental declaration (Dkt. No. 23) provides plaintiff's most
14 updated contact information, confirms Attorney Davis personally communicated with her client
15 regarding her request to withdraw as counsel, confirms plaintiff's non-opposition to the
16 withdrawal of his counsel, and confirms plaintiff's receipt of mail-served copies of defendant's
17 pending motions to dismiss and strike.
18 ////
19 ////
20 ////
21 ////
22 ////
23 ////
24 ////
25 ////
26 ////

1   Accordingly, based upon the materials submitted by counsel and statements made
2   by counsel during the hearing and good cause appearing, IT IS HEREBY ORDERED that:
3   1.  Attorney Davis' motion to withdraw as counsel of record (Dkt. No. 11) is
4       granted.  Attorney Davis shall comply with the requirements of California
5       Rules of Professional Conduct, Rule 3-700(D).
6   2.  Breyon J. Davis of the Law Offices of Breyon J. Davis is relieved as
7       counsel for plaintiff Ryan Sahadeo.
8   3.  Plaintiff Ryan Sahadeo is substituted in propria persona.
9   IT IS SO ORDERED.
10  DATED: June 21, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE