IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RYAN SAHADEO,

    Plaintiff,                    No. 2:11-cv-01089 KJN

    v.

WELLS FARGO BANK, N.A.;
WACHOVIA MORTGAGE, FSB; and
DOES 1-50 inclusive,

    Defendants.                <u>ORDER</u>

/

This case was filed on March 28, 2011 and removed to federal court on April 21, 2011. (Notice of Removal, Dkt. No. 1; Complaint, Exh. A to Dkt. No. 1.)[1]

Pursuant to Federal Rule of Civil Procedure 16 and Local Rule 240, IT IS HEREBY ORDERED that:

1. Within thirty days after defendant files an answer to the complaint, the parties shall meet and confer in person about the mandatory disclosures required by Federal Rule of Civil Procedure 26.

---

[1] This matter proceeds before the undersigned as a result of the parties' voluntary consent to the jurisdiction of the undersigned for all proceedings in this case, including trial and entry of final judgment (Dkt. No. 8) and an order dated April 29, 2011 (Dkt. No. 10). 28 U.S.C. § 636(c)(1); Fed. R. Civ. P. 73; E.D. Local Rule 301.

1

1      2. A Status (Pretrial Scheduling) Conference is set for October 13, 2011, at 10:00
2 a.m., in Courtroom No. 25 before the undersigned.  All parties shall appear by counsel or in
3 person if acting without counsel.
4      3. Not later than seven days prior to the Status Conference, the parties shall file
5 status reports[2] briefly describing the case and addressing the following:
6         a.  Service of process;
7         b.  Possible joinder of additional parties;
8         c.  Any expected or desired amendment of the pleadings;
9         d.  Jurisdiction and venue;
10        e.  Anticipated motions and their scheduling;
11        f.  The report required by Federal Rule of Civil Procedure 26 outlining the
12 proposed discovery plan and its scheduling, including disclosure of expert witnesses;
13        g.  Future proceedings, including setting appropriate cut-off dates for discovery
14 and law and motion, and the scheduling of a pretrial conference and trial;
15        h.  Special procedures, if any;
16        i.  Estimated trial time;
17        j.  Modifications of standard pretrial procedures due to the simplicity or
18           complexity of the proceedings.
19        k.  Whether the case is related to any other cases, including bankruptcy;
20        l.  Whether a settlement conference should be scheduled;
21        m.  If they have not already so stipulated, whether counsel will stipulate to the
22 magistrate judge assigned to this matter acting as settlement judge and waiving disqualification
23 by virtue of his so acting, or whether they prefer to have a settlement conference conducted
24 before another judge;
25 _____
26      [2] The parties are encouraged, when possible, to file a joint status report.

2

    n. Any other matters that may add to the just and expeditious disposition of this matter.

    4. Failing to obey federal or local rules, or order of this court, may result in dismissal of this action. This court will construe pro se pleadings liberally, but pro se litigants must comply with the procedural rules.

    5. Plaintiff and counsel are reminded of their continuing duty to notify chambers immediately of any settlement or other disposition.  <u>See</u> E.D. Local Rule 160.

    6. In addition, the parties are cautioned that pursuant to Local Rule 230(c), opposition to granting of a motion must be filed fourteen days preceding the noticed hearing date. The Rule further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if written opposition to the motion has not been timely filed by that party." Moreover, Local Rule 230(i) provides that failure to appear may be deemed withdrawal of opposition to the motion or may result in sanctions.  Finally, Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

DATED: June 30, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

3