IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RYAN SAHADEO,

        Plaintiff,                       No. 2:11-cv-01089 KJN

   v.

WELLS FARGO BANK, N.A.;
et al.,

        Defendants.              ORDER

/

This case was filed on March 28, 2011, and removed to federal court on April 21, 2011. (Notice of Removal, Dkt. No. 1; Complaint, Exh. A to Dkt. No. 1.)[1] On May 26, 2011, defendant Wells Fargo Bank, N.A. ("Wells Fargo") filed motions to dismiss and strike the complaint, as well as a request for judicial notice in support thereof (the "Motions"). (Motions, Dkt. Nos. 15-19.) To date, plaintiff Ryan Sahadeo (the "plaintiff") has filed no written opposition, statement of non-opposition, or other response to the pending Motions despite being given multiple opportunities to do so, and despite instructions from the court that such failure

---

[1] This matter proceeds before the undersigned as a result of the parties' voluntary consent (Dkt. Nos. 8, 10) to the jurisdiction of the undersigned for all proceedings in this case, including trial and entry of final judgment. 28 U.S.C. § 636(c)(1); Fed. R. Civ. P. 73; E.D. Local Rule 301.

could lead to the involuntary dismissal of his lawsuit. (Dkt. Nos. 25 at 3-4, 26 at 3.) For the reasons that follow, the undersigned dismisses plaintiff's action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

I.      BACKGROUND

On June 22, 2011, the court granted plaintiff's attorney's motion to withdraw as plaintiff's counsel of record. (Dkt. No. 24.) As a result, plaintiff currently represents himself in propria persona and is proceeding without counsel in this action. (Id.) Plaintiff's prior counsel informed the court that plaintiff did not oppose her withdrawal, and that plaintiff had been given copies of defendant's pending Motions. (Dkt. Nos. 21, 23.)

Plaintiff's written opposition or statement of non-opposition to defendant's Motions was originally due on June 23, 2011. Plaintiff, however, did not file any documents on that date. On June 28, 2011, and in response to plaintiff's failure to file a response to the Motions, the undersigned entered an order (the "Order") that: (1) continued the hearing on the Motions until August 11, 2011, to give plaintiff one more opportunity to file an opposition thereto; and (2) required plaintiff to file a written opposition or statement of non-opposition on or before Thursday, July 28, 2011. (Dkt. No. 26 (the "June 28th Order").) Within its June 28th Order, the court also explicitly informed plaintiff that:

> Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Moreover, Eastern District Local Rule 183(a) provides, in part:
>
>> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal . . . or any other sanction appropriate under these Rules.
>
> See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se

2

litigants must follow the same rules of procedure that govern other litigants."). Case law is in accord that a district court may impose sanctions, *including involuntary dismissal of a plaintiff's case* pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal).

(Dkt. No. 25 at 2-3 (emphasis in original, footnote omitted).)[2]  The order stated that "Plaintiff's failure to file written oppositions by this date will be deemed statements of non-opposition to the pending motion and consent to the granting of the motion to dismiss, and shall constitute an additional ground for the imposition of appropriate sanctions, including ordering that plaintiff's case be involuntarily dismissed pursuant to Federal Rule of Civil Procedure 41(b)." (Id. at 3-4.) The order also reminded plaintiff that "plaintiff's status as a litigant proceeding without counsel does not relieve plaintiff of the obligation to comply with the court's orders, the Eastern District Local Rules, and the Federal Rules of Civil Procedure." (Id.)

Further, in a separate order dated June 30, 2011, the court informed the parties that "pro se litigants must comply with the procedural rules" and that a "failure to comply with

---

[2] The order also included the following footnote, which is omitted in the above-quoted text: "The Ninth Circuit Court of Appeals had held that under certain circumstances a district court does not abuse its discretion by dismissing a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b) for failing to file an opposition to a motion to dismiss. See, e.g., Trice v. Clark County Sch. Dist., 376 Fed. Appx. 789, 790 (9th Cir. 2010)."

the Local Rules 'may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court.'" (Dkt. No. 26 at 3.) In short, the court has warned plaintiff that his failure to oppose the Motions might subject his case to dismissal for his failure to prosecute it, as well as for his failure to comply with the Federal Rules of Civil Procedure, the court's orders, and the court's Local Rules.

Despite the court's multiple attempts to make plaintiff aware of the need to timely respond to the Motions, and despite the court's *sua sponte* extension specifically to give plaintiff another chance to file a written response to the Motions, to date plaintiff still has not filed a written opposition or statement of non-opposition. Plaintiff failed to file any documents despite being given an additional opportunity to do so and explicit warnings that the failure to file a written opposition or statement of non-opposition would result in the dismissal of his lawsuit. Indeed, a review of the court's electronic docket confirms that plaintiff has not made any filings since he began representing himself. Plaintiff's repeated failure to file an opposition to the Motions is grounds for dismissal of his suit.

II.     DISCUSSION

Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, failure to comply with the court's local rules, or failure to comply with the court's orders.[3] See, e.g., Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d

---

[3] Rule 41(b) provides, in part: "**(b) Involuntary Dismissal; Effect.** If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).

4

1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."); Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002) (affirming district court's dismissal of case for failure to prosecute when habeas petitioner failed to file a first amended petition). This court's Local Rules are in accord. See E.D. Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); E.D. Local Rule 183(a) (providing that a pro se party's failure to comply with the Federal Rules of Civil Procedure, the court's Local Rules, and other applicable law may support, among other things, dismissal of that party's action).

A court must weigh five factors in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order, or failure to comply with a district court's local rules. See, e.g., Ferdik, 963 F.2d at 1260. Specifically, the court must consider:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

Id. at 1260-61; accord Pagtalunan, 291 F.3d at 642-43; Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995). The Ninth Circuit Court of Appeals has stated that "[t]hese factors are not a series of conditions precedent before the judge can do anything, but a way for a district judge to think about what to do." In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006).

Although involuntary dismissal can be a harsh remedy, the five relevant factors weigh in favor of dismissal of this action. The first two factors strongly support dismissal of this action. Plaintiff's failure to file an opposition or statement of non-opposition to the Motions in the first instance, and his failure to do so a second time despite being warned of the consequences for such failures, strongly suggests that plaintiff has abandoned this action or is not interested in

seriously prosecuting it. See, e.g., Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal."). Moreover, although plaintiff had notice of the continued hearing date and his potentially final opportunity to file a response to the Motion on or before July 28, 2011 (Dkt. No. 26), plaintiff took no action. Any further time spent by the court on this case, which plaintiff has demonstrated a lack of any serious intention to pursue, will consume scarce judicial resources and take away from other active cases. See Ferdik, 963 F.2d at 1261 (recognizing that district courts have inherent power to manage their dockets without being subject to noncompliant litigants).

In addition, the third factor, which considers prejudice to a defendant as a result of plaintiff's failure to timely oppose its motion to dismiss, should be given some weight. See Ferdik, 963 F.2d at 1262. A motion to dismiss is an aid to simplifying the issues and dismissing improper claims or parties before discovery ensues. Plaintiff's failure to oppose the Motions after being given two opportunities to do so, and his failure to communicate with the court or explain his non-participation in this litigation, raises the real possibility that the defendants in this action may be forced to unnecessarily engage in further litigation against claims that plaintiff does not appear to value enough to pursue in a serious manner. Indeed, the moving defendant has been diligently pursuing its motion to dismiss, and plaintiff stalled this matter and prevented the efficient resolution of his lawsuit. Moreover, unreasonable delay is presumed to be prejudicial. See, e.g., In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d at 1227.

The fifth factor, which considers the availability of less drastic measures, also supports dismissal of this action. As noted above, here the court has actually pursued remedies that are less drastic than a recommendation of dismissal. See Malone v. U.S. Postal Serv., 833 F.2d 128, 132 (9th Cir. 1987) ("[E]xplicit discussion of alternatives is unnecessary if the district court actually tries alternatives before employing the ultimate sanction of dismissal."). The court excused plaintiff's initial failure to oppose the Motions, granted plaintiff substantial additional

6

1  time to file an opposition or statement of non-opposition, and continued the hearing on the
2  motion to dismiss.  (Dkt. No. 25.)  Moreover, the court advised plaintiff of the requirement of
3  opposing a motion to dismiss and informed him of the requirements of the Local Rules.  (Id.;
4  Dkt. No. 26.)  The court advised plaintiff that he was required to comply with the court's Local
5  Rules and the Federal Rules of Civil Procedure despite his status as a litigant proceeding without
6  counsel.  It also warned plaintiff that a failure to comply with the court's orders would result in
7  dismissal of plaintiff's case.  Warning a plaintiff that failure to take steps towards resolution of
8  his or her action on the merits will result in dismissal satisfies the requirement that the court
9  consider the alternatives.  See, e.g., Ferdik, 963 F.2d at 1262 ("[O]ur decisions also suggest that a
10  district court's warning to a party that his failure to obey the court's order will result in dismissal
11  can satisfy the 'consideration of alternatives' requirement.") (citing Malone, 833 F.2d at 132-33).
12  At this juncture, the court finds no suitable alternative to a dismissal of plaintiff's action.

13  The court also recognizes the importance of giving due weight to the fourth factor,
14  which addresses the public policy favoring disposition of cases on the merits.  However, for the
15  reasons set forth above, factors one, two, three, and five strongly support dismissal of this action,
16  and factor four does not materially counsel otherwise.  Dismissal is proper "where at least four
17  factors support dismissal or where at least three factors 'strongly' support dismissal."  Hernandez
18  v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations and quotation marks omitted).
19  Under the circumstances of this case, the other relevant factors outweigh the general public
20  policy favoring disposition of actions on their merits.  See Ferdik, 963 F.2d at 1263.
21  ////
22  ////
23  ////
24  ////
25  ////
26  ////

In light of the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's case is dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

2. The hearing on the defendant's Motions (Dkt. Nos. 15-19), presently scheduled for August 11, 2011, is vacated.

3. The Clerk of Court close this case and vacate all future dates.

IT IS SO ORDERED.

DATED: August 5, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE